# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JOHNNY WRIGHT,
ADC #137206                                                                                          PLAINTIFF

v.                                               1:18CV00016-KGB-JTK

RICHARD FRY, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff Johnny Wright is a state inmate confined at the Pine Bluff Unit of the Arkansas Department of Correction (ADC).  He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging racial discrimination and excessive force during an incident in which Defendants threatened to spray him with mace, while he was incarcerated at the Grimes Unit. (Doc. No. 2)   By Order dated April 2, 2018 (Doc. No. 8), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit.   However, finding Plaintiff failed to state a claim upon which relief may be granted against the Defendants, the Court provided Plaintiff with the opportunity to amend his complaint, noting that an Amended Complaint would render the original complaint without legal effect. (Id., pp. 4)

Plaintiff has now filed an Amended Complaint (Doc. No. 9). Having reviewed such, the Court finds that it should be dismissed for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

2

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III.    Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).    Plaintiff alleges in his Amended Complaint that Defendant Fry denied him access to the law library, and that when Plaintiff "wasn't trying to argue, however I was tryin (sic) to explain," Fry ordered him on his knees with his hands behind his back while Defendant Thorne shook up a can of mace. (Doc. No. 9, p. 4) When another inmate told Fry that Plaintiff was "just playing," Defendants allowed Plaintiff to return to his barracks. (Id.)

The Court finds that these allegations do not rise to the level of a constitutional violation. First, Plaintiff does not allege a First Amendment violation of denial of access to the courts, because he does not allege that Defendant Fry "hindered his efforts to pursue a legal claim," or caused an injury to a legal claim. See Lewis v. Casey, 518 U.S. 343, 351, 354 (1996).   Next, the Court finds that Defendants' actions in placing Plaintiff on his knees while shaking up a can of mace, fail to support a constitutional claim of excessive force.    To state an excessive force claim, Plaintiff must set forth facts showing that the force was not used "in a good faith effort to maintain or restore discipline," but rather, "maliciously and sadistically for the very purpose of causing harm." Arnold v. Groose, 109 F.3d 1292, 1298 (8th Cir. 1997) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986).    As a general rule, mere threats do not support a constitutional claim for relief. King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997).   In Smith v. Helder, an

inmate claimed that the Defendant officers handcuffed him and placed him on his knees, and then placed a taser at the back of his head, which emitted a red beam of light indicating that it was ready to use. No. 5:17-CV-05164, 2017 WL 4099499 at *4 (W.D.Ark. 2017). The Court held that these allegations sufficiently alleged a constitutional claim.

However, in this case, the Court finds Plaintiff's allegations do not support a constitutional claim for relief. Plaintiff alleges no fear of injury and no actual harm, other than the fact that he was placed on his knees while Defendant Thorne shook a can of mace. He does not allege that the mace was pointed at a particular part of his body, or that Defendants uttered additional threatening language. Plaintiff admitted that he talked back to the officers, although he stated that he "wasn't trying to argue, however I was tryin to explain that the library" was open. (Doc. No. 9, p. 4) Therefore, the Court finds that these allegations do not support a claim that Defendants acted deliberately indifferent to a serious risk of harm to him, or acted maliciously and sadistically for the purpose of causing harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Arnold v. Groose, 109 F.3d at 1298.

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 19th day of April, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

imminent danger of serious physical injury.