IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNNY WRIGHT**  PLAINTIFF
**ADC #137206**

v.   Case No. 1:18-cv-00016-KGB/JTK

**RICHARD FRY,** *et al.*  DEFENDANTS

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 10). Plaintiff Johnny Wright filed untimely objections to the Proposed Findings and Recommendations (Dkt. No. 11). Although Mr. Wright's objections are untimely, the Court will consider them. After a review of the Proposed Findings and Recommendations and Mr. Wright's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 10).

Mr. Wright's original complaint complained about alleged racial discrimination and purported excessive force during an incident in which defendants threated to spray Mr. Wright with mace (Dkt. No. 2, at 4). Judge Kearney entered an Order noting that Mr. Wright's original complaint failed to state a cognizable claim for relief, but Judge Kearney gave Mr. Wright an opportunity to file an amended complaint (Dkt. No. 8, at 4). Mr. Wright then filed the operative complaint, which alleges, pursuant to 42 U.S.C. § 1983, that defendants used excessive force and denied him access to the prison law library (Dkt. No. 9, at 4-5).

Mr. Wright objects to the Proposed Findings and Recommendations by reiterating the facts of the incident in question and by noting that, at the time of the incident, Mr. Wright was in the process of litigating a separate case (Dkt. No. 11, at 3). Even assuming these allegations are true,

the Court agrees with the Proposed Findings and Recommendations that Mr. Wright has failed to allege facts sufficient to state a claim upon which relief can be granted. First, Mr. Wright's claim that he was denied access to the law library fails because he does not allege that defendants "hindered his efforts to make a legal claim" or caused injury to a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011) (finding that petitioner could not show that alleged shortcomings in the law library hindered his ability to pursue a legal claim).

Second, the Court concludes that the allegations in Mr. Wright's amended complaint are not sufficient to state a cognizable claim of use of excessive force under the Eighth Amendment. To state such a claim upon which relief can be granted, a plaintiff must set forth facts showing that the alleged force was not used "in a good faith effort to maintain or restore discipline" but rather was used "maliciously and sadistically for the very purpose of causing harm." *Arnold v. Groose*, 109 F.3d 1292, 1298 (8th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). While allegations of verbal threats, taunts, name calling, or the use of offensive language alone do not support claims for use of excessive force, an exception is recognized "when the state official engaged in a brutal and wanton act of cruelty even though no physical harm was suffered." *Compare Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) (finding that verbal threats do not constitute a constitutional violations) *and McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (finding that claims of general harassment were not actionable), *with Irving v. Dormire*, 519 F.3d 441, 448-49 (8th Cir. 2008) (holding that, under certain circumstances, death threats are actionable).

For example, in certain situations, threatening prisoners with weapons has been found to constitute an excessive use of force. *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986)

(finding that allegation that an officer pointed a gun at plaintiff's head and told him to run stated a constitutional claim); *Smith v. Helder*, Civil No. 5:17-cv-05164, 2017 WL 4099499, at *4 (E.D. Ark. Sept. 15, 2017) (holding that plaintiff asserted a plausible claim by alleging that he was handcuffed, placed on his knees, and a taser emitting a red light was placed at the back of his head and back). However, in another case, the Eighth Circuit Court of Appeals held that plaintiff failed to state a constitutional claim upon which relief could be granted when plaintiff alleged that officers in the front seat of a patrol car threatened to knock out the back-seat occupant's teeth. *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992).

Here, although Mr. Wright alleges conduct on the part of defendants which if true was unprofessional and even perhaps violated Arkansas Department of Correction policy, Mr. Wright does not allege that defendants threatened his life or that they raised a weapon against him in such a way to make a credible threat of physical force. He does not allege acts qualifying as malicious or sadistic or acts purportedly done for the very purpose of causing harm, not to restore discipline. Rather, Mr. Wright alleges that he was placed on his knees and asked to follow a series of commands issued by defendant Richard Fry while defendant Jason Thorne shook a can of mace. Mr. Wright does not allege that either defendant used threatening language or pointed the can of mace at him. The Court concludes that Mr. Wright's allegations are not sufficient under controlling law to support a claim that defendants used excessive force against Mr. Wright.

It is therefore ordered that:

1. Mr. Wright's amended complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted (Dkt. No. 9).

2. Dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment dismissing this action would not be taken in good faith.

4. Mr. Wright's pending motions for status are denied as moot (Dkt. Nos. 13, 14).

It is so ordered this the 22nd day of October, 2018.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE